UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

v.

**BRENT SEAMAN,
ACCANITO EQUITY, LLC,
ACCANITO EQUITY II, LLC,
ACCANITO EQUITY III, LLC,
ACCANITO EQUITY IV, LLC,
ACCANITO CAPITAL GROUP, LLC,
SURGE, LLC,
ACCANITO HOLDINGS, LLC,**

        **Defendants and,**

**JANA SEAMAN,
VALO HOLDINGS GROUP, LLC,
SURGE CAPITAL VENTURES, LLC,**

        **Relief Defendants.**

_____/

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiff Securities and Exchange Commission (the "Commission") alleges as follows:

**I.    INTRODUCTION**

1. The Commission brings this action against Defendant Brent Seaman, a purported Naples, Florida based venture capitalist, and the four LLCs he manages, Defendants Accanito Equity, LLC ("Accanito 1"), Accanito Equity II, LLC ("Accanito 2"), Accanito Equity III, LLC ("Accanito 3"), and Accanito Equity IV, LLC ("Accanito 4") (collectively "the Accanito Equity

LLCs"). From at least June 2019 until September 2022 (the "Relevant Period"), Mr. Seaman and the Accanito Equity LLCs raised approximately $35 million from about 60 investors, many of whom were elderly, retirees, and members of a Naples church that Mr. Seaman attended, through a fraudulent offering of securities in unregistered transactions.

2. In order to carry out the scheme, Mr. Seaman and the Accanito Equity LLCs made material misrepresentations to investors, claiming, among other things, that the investment was "safe," that the promised annual returns of 18% to 48% were "guaranteed," and that investor funds would only be used to trade commodities and currencies, and to invest in start-up technology and software companies.

3. These representations were false. Not all investments were used for making investments in start-up technology and software companies, and trading commodities and currencies. Instead, to generate the promised returns, investors sent their money to the accounts of two companies he solely owned and controlled: Defendants Surge, LLC ("Surge") and Accanito Capital Group, LLC ("Accanito Capital Group"). The majority of the funds were used to trade currencies and invested in only one company. Mr. Seaman also misappropriated millions of investor funds for his own use, and used millions of additional investor funds to make Ponzi-like distributions to investors. While Mr. Seaman used some investor money to trade currencies (through Surge's trading accounts), contrary to claims of double-digit returns, Mr. Seaman experienced significant trading losses.

4. As a result of the conduct alleged in this Complaint, Mr. Seaman and the Accanito Equity LLCs violated Sections 5(a) and (c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and (c)], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Exchange

Act Rule 10b-5 [17 C.F.R. §§ 240.10b-5]. Mr. Seaman also violated Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]. Finally, Accanito Capital Group, LLC and Surge violated Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. §§ 240.10b-5].

5. Unless enjoined, Defendants are reasonably likely to continue to violate the federal securities laws.

## II.  DEFENDANTS AND RELIEF DEFENDANTS

### A.  Defendants

6. Mr. Seaman resides in Naples, Florida. During the Relevant Period, Mr. Seaman was the manager and exercised primary control over the Accanito Equity LLCs, Accanito Capital Group and Surge. At the time of the violations, Mr. Seaman was not registered with the Commision and held no securities licenses.

7. Accanito Holdings, LLC ("Accanito Holdings") is a Florida limited liability company with its principal place of business in Naples, Florida. Mr. Seaman and Blake Cathey are the managers of Accanito Holdings, which managed the Accanito Equity LLCs. Accanito Holdings received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Accanito Equity LLCs.

8. Accanito 1, a Florida limited liability company formed on June 24, 2019, is a private investment vehicle formed, managed, and operated by Mr. Seaman and Accanito Holdings. Accanito 1 raised approximately $3 million from investors.

9. Accanito 2, a Florida limited liability company formed on June 24, 2019, is a private investment vehicle formed, managed, and operated by Mr. Seaman and Accanito Holdings. Accanito 2 raised approximately $1.35 million from investors.

10. Accanito 3, a Florida limited liability company formed on June 24, 2019, is a private investment vehicle formed, managed, and operated by Mr. Seaman and Accanito Holdings. Accanito 3 raised approximately $13.1 million from investors.

11. Accanito 4, a Florida limited liability company formed on September 17, 2020, is a private investment vehicle formed, managed, and operated by Mr. Seaman and Accanito Holdings. Accanito 4 raised approximately $13.5 million from investors.

12. Accanito Capital Group is a Naples, Florida limited liability company formed on January 1, 2013, and owned, managed, and operated by Mr. Seaman, its CEO.

13. Surge is a Delaware, limited liability company based in Naples, Florida, formed on August 6, 2009, owned, managed, and operated by Mr. Seaman. Surge received most of the investor funds raised by the Accanito Equity LLCs.

**B.     Relief Defendants**

14. Jana Seaman is the wife of Defendant Brent Seaman and a resident of Naples, Florida. Jana Seaman loaned funds to the Accanito Equity LLCs and received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Accanito Equity LLCs.

15. Valo Holdings Group, LLC ("Valo Holdings Group") is a Florida limited liability company with its principal place of business in Naples, Florida. Jana Seaman is the manager of Valo Holdings Group, which loaned funds to the Accanito Equity LLCs and received investors' proceeds emanating from the Defendants' securities fraud and holds assets belonging to the Accanito Equity LLCs.

16. Surge Capital Ventures, LLC ("Surge Capital") is a Florida limited liability company with its principal place of business in Naples, Florida. Surge is the manager of Surge

Capital, which received investors' proceeds emanating from Defendants' securities fraud and holds assets belonging to the Accanito Equity LLCs.

### III.   JURISDICTION AND VENUE

17. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1), and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a)] and Sections 21(d) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d) and 78aa].

18. This Court has personal jurisdiction over Defendants, and Defendants have agreed to venue in this District.

19. In connection with the conduct alleged in this Complaint, Defendants, directly and indirectly, made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation or communication in interstate commerce, or the mails.

### IV.   THE FRAUDULENT SCHEME

**A.   Mr. Seaman and the Accanito Equity LLCs' Unregistered Offering**

20. Starting no later than June 2019, Mr. Seaman and the Accanito Equity LLCs offered investments to investors in unregistered transactions through the sale of membership interests. Mr. Seaman and the Accanito Equity LLCs promised investors annual returns ranging between 18% and 48%. According to the Accanito Equity LLCs' website and marketing materials, the Accanito Equity LLCs generated these "guaranteed" returns through investments in software and technology companies, and trading in commodities and currencies. Mr. Seaman also told prospective investors that the Accanito Equity LLCs would invest in start-up technology and software companies, and trade currencies and commodities.

21. The term of the investments ranged between 12 and 18 months with an option to renew upon completion of the term. An investor's capital contribution or investment in a Accanito

Equity LLC entitled the investor to a percentage ownership in the LLC, memorialized by a certificate of membership interest issued by the LLC.

22. In connection with their investments in the Accanito Equity LLCs, investors also signed amendments to the Equity LLCs' operating agreements in which investors agreed to allow Mr. Seaman to invest their money in two companies solely owned and controlled by Seaman: Surge and Accanito Capital Group. Ultimately, most of the investors' funds were transferred to Surge's bank account, which Mr. Seaman used to trade currencies.

23. Mr. Seaman used a combination of marketing materials and personal meetings to describe the business of the Accanito Equity LLCs and to solicit investors. The website and marketing materials also touted Seaman's supposed 25 years of running successful businesses and "an assignment from a higher power."

24. The Accanito Equity LLCs' website also directly solicited prospective investors, using a "Contact Us" feature if the reader wants "to get involved as an investor," and directing prospective investors to "schedule a confidential conversation with a representative."

25. During the Relevant Period, the Accanito Equity LLCs raised million of dollars from over 60 investors through the sale of membership interests in the Accanito Equity LLCs. Defendant Mr. Seaman personally raised the majority of the total amount raised from investors.

**B.  Defendants' Material Misrepresentations and Omissions Regarding the Profitabilty and Safety of the Accanito Equity LLCs, and Use of Funds**

26. In conversations with prospective investors, Mr. Seaman many times stressed that he invested in technology companies and traded currencies and commodities. The Equity LLCs' marketing materials further claimed that the Accanito Equity LLCs had developed a two-engine approach to investing: software and technology companies and commodity and currency trading.

27. These representations were false. Despite telling investors he would use their funds to invest in technology and software companies and trade commodities, Mr. Seaman focused almost exclusively on currency trading. Mr. Seaman's claim of "proven success" is contradicted by the substantial losses he suffered while trading currencies through a trading account in the name of Defendant Surge.

28. Defendants Mr. Seaman and the Accanito Equity LLCs also made the following material misrepresentations and omissions in marketing materials and in conversations with investors: (i) that the annual returns promised investors were "guaranteed"; (ii) that Accanito "ensures a return of 18% (annually) for our investors"; (iii) that Mr. Seaman's currency and commodity trading was safe; (iv) touting Mr. Seaman's extensive experience in all aspects of business; while failing to disclose two personal bankruptcies, one as late as 2014, and (v) failing to disclose to some investors that Mr. Seaman had been convicted of fraud and served time in prison.

29. In fact, Mr. Seaman did not earn sufficient profits in his currency trading to pay investors their monthly distributions. More specifically, Surge's books and records reflect that Surge has not been profitable since year-end 2018. Surge reported a closed book net loss at year-end 2019, and suffered a cumulative net loss of over $20 million dollars from the start of 2019 to the present. During this period, Surge's books and records recorded that millions raised from investors was lost through Mr. Seaman's unsuccessful currency trading.

30. Without sufficient revenues to pay the interest promised and owed to investors, Mr. Seaman resorted to fraud, using new investor money to pay the interest promised to existing investors. Mr. Seaman perpetuated this fraud for several years until the Accanito Equity LLCs ceased making monthly distributions in November 2022.

31. In addition to the Ponzi-like payments to investors, Mr. Seaman misappropriated investor funds totaling millions of dollars for himself, in part to purchase luxury automobiles and to pay for trips on private planes. While in control of Surge and Accanito Capital Group's bank accounts, Mr. Seaman also made improper transfers of investor funds to Accanito Holdings and Relief Defendants Jana Seaman, Valo Holdings Group, and Surge Capital Ventures.

32. During the Relevant Period, Mr. Seaman had sole access to Surge and Accanito Capital's trading accounts and bank accounts. As a result of this structure, Mr. Seaman was able to use investors' funds without oversight or interference by other persons affiliated with the Accanito Equity LLCs.

### C. Defendant Mr. Seaman Acted As An Unregistered Broker

33. While orchestrating the fraud alleged above, Mr. Seaman also acted as unregistered broker when he sold the Accanito Equity LLCs' securities to investors. Mr. Seaman also paid Commissions to other unregistered persons for their sales of the Accanito Equity LLCs.

34. To effectuate these sales, Mr. Seaman actively solicited investors through in-person meetings, provided investors with marketing materials, espoused the safety of these investments, and earned transaction-based compensation in the form of commissions from these sales.

35. During the Relevant Period, Mr. Seaman was not registered as a broker-dealer nor was he associated with and acting under the supervision of a registered broker-dealer when he solicited the Accanito Equity LLCs' investors. Accordingly, in addition to violating the anti-fraud provisions of the federal securities laws he violated the broker-dealer registration provisions of the federal securities laws.

## V.     CLAIMS FOR RELIEF

### COUNT I

### Violations of Sections 5(a) and 5(c) of the Securities Act
**(Against Mr. Seaman, Accanito Holdings, Accanito 1, Accanito 2, Accanito 3, and Accanito 4)**

36. The Commission adopts by reference paragraphs 1 through 35 of this Complaint.

37. No registration statement was filed or in effect with the Commission pursuant to the Securities Act with respect to the securities and transactions issued by Defendants as described in this Complaint and no exemption from registration existed with respect to these securities and transactions.

38. During the Relevant Period, Defendants Mr. Seaman, Accanito Holdings, Accanito 1, Accanito 2, Accanito 3, and Accanito 4, directly or indirectly:

   a.   made use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise;

   b.   carried or caused to be carried securities through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; or

   c.   made use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use of medium of any prospectus or otherwise any security,

without a registration statement having been filed or being in effect with the Commission as to such securities.

39. By reason of the foregoing, Defendants Mr. Seaman, Accanito Holdings, Accanito 1, Accanito 2, Accanito 3, and Accanito 4 violated, and unless enjoined, are reasonably likely to continue to violate, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

## COUNT II

### Violations of Section 17(a)(1) of the Securities Act
### (Against All Defendants)

40. The Commission adopts by reference paragraphs 1 through 35 of this Complaint.

41. During the Relevant Period, Defendants, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, knowingly or recklessly employed devices, schemes, or artifices to defraud.

42. By reason of the foregoing, Defendants, directly and indirectly, violated and, unless enjoined, are reasonably likely to continue to violate, Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT III

### Violations of Section 17(a)(2) of the Securities Act
### (Against Mr. Seaman, Accanito Holdings, Accanito 1, Acccanito 2
### Accanito 3, and Accanito 4)

43. The Commission adopts by reference paragraphs 1 through 35 of this Complaint.

44. During the Relevant Period, Mr. Seaman, Accanito Holdings, Accanito 1, Accanito 2, Accanito 3, and Accanito 4 in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, negligently obtained money or property by means of untrue statements of material facts and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

45. By reason of the foregoing, Mr. Seaman, Accanito Holdings, Accanito 1, Accanito 2, Accanito 3, and Accanito 4 violated and, unless enjoined, are reasonably likely to continue to violate, Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)].

## COUNT IV

### Violations of Section 17(a)(3) of the Securities Act
### (Against All Defendants)

46. The Commission adopts by reference paragraphs 1 through 35 of this Complaint.

47. During the Relevant Period, Defendants, in the offer or sale of securities by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, negligently engaged in transactions, practices, or courses of business which have operated, are now operating or will operate as a fraud or deceit upon the purchasers.

48. By reason of the foregoing, Defendants violated and, unless enjoined, are reasonably likely to continue to violate, Section 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(3)].

## COUNT V

### Violations of Section 10(b) and Rule 10b-5(a) of the Exchange Act
### (Against All Defendants)

49. The Commission adopts by reference paragraphs 1 through 35 of this Complaint.

50. During the Relevant Period, Defendants, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or recklessly employed devices, schemes or artifices to defraud in connection with the purchase or sale of any security.

51. By reason of the foregoing, Defendants violated and, unless enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(a) [17 C.F.R. § 240.10b-5(a)].

## COUNT VI

**Violations of Section 10(b) and Rule 10b-5(b) of the Exchange Act**
**(Against Mr. Seaman, Accanito Holdings, Accanito 1, Accanito 2,**
**Accanito 3, and Accanito 4)**

52. The Commission adopts by reference paragraphs 1 through 35 of this Complaint.

53. During the Relevant Period, Mr. Seaman, Accanito Holdings, Accanito 1, Accanito 2, Accanito 3, and Accanito 4 directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or recklessly made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, in connection with the purchase or sale of any security.

54. By reason of the foregoing, Mr. Seaman, Accanito Holdings, Accanito 1, Accanito 2, Accanito 3, and Accanito 4 violated and, unless enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(b) [17 C.F.R. § 240.10b-5(b)].

## COUNT VII

**Violations of Section 10(b) and Rule 10b-5(c) of the Exchange Act**
**(Against All Defendants)**

55. The Commission adopts by reference paragraphs 1 through 35 of this Complaint.

56. During the Relevant Period, Defendants, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, knowingly or recklessly engaged in acts, practices, and courses of business which have operated, are now operating or will operate as a fraud upon any person in connection with the purchase or sale of any security.

57. By reason of the foregoing, Defendants violated and, unless enjoined, are reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5(c) [17 C.F.R. § 240.10b-5(c)].

### COUNT VIII

### Violations of Section 15(a)(1) of the Exchange Act
### (Against Mr. Seaman)

58. The Commission adopts by reference Paragraphs 1 through 35 of this Complaint.

59. During the Relevant Period, Defendant Mr. Seaman directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce effected transactions in, or induced or attempted to induce the purchase or sale of securities, while he was not registered with the Commission as a broker or dealer or when he was not associated with an entity registered with the Commission as a broker-dealer.

60. By reason of the foregoing, Defendant Mr. Seaman, directly or indirectly, violated and, unless enjoined, is reasonably likely to continue to violate Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

### COUNT IX

### Unjust Enrichment
### (as to Relief Defendants)

61. The Commission adopts by reference Paragraphs 1 through 35 of this Complaint.

62. The Relief Defendants received funds that emanated from Defendants' securities violations alleged above without a legitimate claim to those funds, and under those circumstances it is not just, equitable, or considerable for the Relief Defendants to retain the funds. The Relief Defendants were unjustly enriched.

63. Relief Defendants should be ordered to disgorge the funds they received, with prejudgment interest thereon, as a result of Defendants' violations of the federal securities laws.

## VI.     RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests that the Court find Defendants committed the violations alleged in this Complaint and:

### A.  Permanent Injunctive Relief

Issue Permanent Injunctions, restraining and enjoining: (1) Mr. Seaman, Accanito Holdings, Accanito 1, Accanito 2, Accanito 3, and Accanito 4 from violating Sections 5(a) and (c) of the Securities Act, Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; (2) Accanito Capital Group and Surge from violating Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder; and (3) Mr. Seaman from violating Section 15(a)(1) of the Exchange Act.

### B.  Asset Freeze

Issue an order freezing the assets of the Defendants and Relief Defendant Surge Capital Ventures.

### C.  Appointment of a Receiver

Appoint a receiver over Defendants Accanito Holdings, Accanito 1, Accanito 2, Accanito 3, Accanito 4, Accanito Capital Group and Surge, and Relief Defendant Surge Capital Ventures.

### D.  Officer and Director Bar

Issue an Order pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], permanently barring Defendant Mr. Seaman from acting as an officer or director of any issuer whose securities are registered with the

Commission pursuant to Section 12 of the Exchange Act or which is required to file reports with the Commission pursuant to Section 15(d) of the Exchange Act.

### E. Disgorgement and Prejudgment Interest

Issue an Order directing Defendants and Relief Defendants to disgorge all ill-gotten gains or proceeds received, with prejudgment interest thereon, resulting from the acts and/or courses of conduct alleged in this Complaint.

### F. Civil Monetary Penalties

Issue an Order directing Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].

### G. Further Relief

Grant such other and further relief as the Court may deem just and proper.

### H. Retention of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Dated: July 27, 2023                    Respectfully submitted,

By:   *s/Alise Johnson*
      Alise Johnson
      Senior Trial Counsel
      Fla. Bar No. 0003270
      E-mail: johnsonali@sec.gov
      Direct Telephone: (305) 982-6385
      **Lead Attorney**
      **Attorney To Be Noticed**

Andre J. Zamorano
Senior Counsel
Fla. Bar No. 967361
E-mail: zamoranoa@sec.gov
Direct Telephone: (305) 982-6324

Attorneys for Plaintiff,
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (703) 813-9526