**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 23-cv-22791-KMW**

**SECURITIES AND EXCHANGE COMMISSION,**

                   **Plaintiff,**

**v.**


**BRENT SEAMAN,**
**ACCANITO EQUITY, LLC,**
**ACCANITO EQUITY II, LLC,**
**ACCANITO EQUITY III, LLC,**
**ACCANITO EQUITY IV, LLC,**
**ACCANITO CAPITAL GROUP, LLC,**
**SURGE, LLC,**
**ACCANITO HOLDINGS, LLC,**

             **Defendants, and**

**JANA SEAMAN,**
**VALO HOLDINGS GROUP, LLC,**
**SURGE CAPITAL VENTURES, LLC,**

             **Relief Defendants.**

_____/


**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S AGREED MOTION**
**AND MEMORANDUM OF LAW FOR APPOINTMENT OF RECEIVER**

Plaintiff Securities and Exchange Commission (the "Commission"), moves for an Order appointing a Receiver over Defendants Accanito Equity, LLC ("Accanito 1"), Accanito Equity II, LLC ("Accanito 2"), Accanito Equity III, LLC ("Accanito 3"), and Accanito Equity IV, LLC ("Accanito 4") (collectively the "Accanito Equity LLCs"), Surge, LLC ("Surge"), Accanito Holdings, LLC ("Accanito Holdings") (collectively the "Corporate Defendants"), and Relief Defendant Surge Capital Ventures, LLC ("Surge Capital").

1

The Commission requests that the Receiver have full and exclusive power, duty, and authority to: administer and manage the business affairs, funds, tangible and intangible assets including crypto assets and cryptocurrency, choses in action, and any other property of the Corporate Defendants and Relief Defendant Surge Capital; marshal and safeguard the Corporate Defendants and Surge Capital's assets; and take whatever actions are necessary for the protection of defrauded investors in this case.   The grounds for this motion are fully set forth in the memorandum of law below.

The Commission's staff believes that the interests of defrauded investors would best be served by the appointment of Melanie Damian, Esq. over the Corporate Defendants and Relief Defendant Surge Capital.  Ms. Damian, whose credentials are attached as Exhibit A, is a partner at the law firm of Damian and Valori, LLP ("DVLLP").  Ms. Damian specializes in securities receiverships, complex business and securities litigation, and has handled numerous multi-million dollar receiverships in Commission enforcement actions. Ms. Damian's experience includes serving as the Receiver or Receiver's counsel for at least 9 securities receiverships in SEC matters, including:

– ***Securities and Exchange Commission v. We the People Inc. of the United States,*** Case No. 2:13-cv- 14050-JEM, U.S. District Court for the Southern District of Florida, Court-Appointed Receiver;

– ***Securities and Exchange Commission v. Aubrey Lee Price et a****l.*; PFG LLC et al., Case No. 1:12-cv- 2296-TCB, U.S. District Court for the Northern District of Georgia, Court-Appointed Receiver;

– ***Securities and Exchange Commission v. Marc Roup et al.,*** Case No. 09-CD-01685, Western District  of Pennsylvania, Court-Appointed Receiver;

– ***Securities and Exchange Commission v. Sean Healy, et al****.*, Case No. 1:09-CV-1330, U.S. District Court, Middle District, Pennsylvania, Court-Appointed Receiver;

- *Securities and Exchange Commission v. Concorde America, Inc., et al.*, Case No. 05-80128-CIV- ZLOCH, U.S. District Court for the Southern District of Florida, Court-Appointed Distribution Agent;

- *Securities and Exchange Commission v. Bio-Heal Laboratories, Inc., et al.*, Case No. 05-21116-CIV-SEITZ, U.S. District Court for the Southern District of Florida, Court-Appointed Distribution Agent;

– *Securities and Exchange Commission v. Charles O. Morgan, Jr., as Personal Representative of the Estate of Frederick J. Kunen*, Case No. 07-22204-CIV-GOLD, U.S. District Court for the Southern District of Florida, Counsel for Receiver;

–

– *Securities and Exchange Commission v. Today's Growth Consultant, Inc., et al., Case No. 1:19-CV- 08454, U.S. District Court, Northern District of Illinois, Eastern Division,* Court-Appointed Receiver*; and*
  .

– *Securities and Exchange Commission v. Onix Capital LLC, et al.,* Case No. 16-CV-24678-COOKE, U.S. District Court for the Southern District of Florida, Court-Appointed Receiver.

In addition, Ms. Damian has served as a Receiver in multiple matters involving the CFTC and the FTC, and in multiple state court actions, as detailed in Exhibit A.

In addition, Ms. Damian is uniquely suited to serve as Receiver in this matter because she has been serving as a corporate monitor over all the Corporate Defendants since December 2022. A copy of the Monitor Agreement is attached hereto as Exhibit B.  Due to her Monitor work, Ms. Damian is already familiar with the Corporate Defendants' business model, accounts, investors and trading activity.  Since Ms. Damian's acceptance on December 16, 2022 as the Monitor, Ms. Damian's team has been assisting the Commission staff on this matter so that, if appointed, Ms. Damian and her team can immediately proceed to discharge their duties in this action.

If appointed as Receiver, Ms. Damian will utilize attorneys at DVLLP, relying primarily on Kenneth Murena, to assist her as counsel in this matter.  Mr. Murena specializes in bankruptcy and reorganizations, federal receiverships, creditor's rights, and fraudulent transfers. In addition,

Mr. Murena has vast experience in handling receiverships. Mr. Murena's credentials are attached. *See* Exhibit A.

If appointed Receiver, Ms. Damian has agreed to significantly discount her current hourly rate to $395 an hour, which represents a significant discount from the $700 an hour rate she typically charges to regular clients, and a discount of the $600 hourly rates she is charging pursuant to the current Monitor Agreement. Ms. Damian has also agreed to discount the billing rates for her professionals by charging $395 for partners, $375 for counsel, and $200-$300 for associates. Ms. Damian and her team will utilize more junior attorneys with lower billing rates for the vast majority of the legal work. Finally, Ms. Damian has informed the Commission that the DVLLP team has no conflict of interest in this matter, and is ready, willing, and able to serve as Receiver and as counsel to the Receiver in this case.

Finally, we recommend that the Court appoint Ms. Damian rather than a different receiver given the substantial amount of work Ms. Damian and her team have already performed. Since becoming Monitor seventh months ago, Ms. Damian and her team have: 1) examined the receivership entities' books and records including bank account statements; 2) sought and obtained comprehensive records from financial institutions, trading platforms and other entities, to determine the existence and location of significant assets, pending contracts, and business ventures with third parties; and 3) reviewed and analyzed the preliminary trading and transaction history of the receivership entities. Further, Ms. Damian has closed down, transferred and consolidated the Corporate Defendants' trading accounts and communicated with investors to provide up to date information for investors and interested parties.

The appointment of anyone else as receiver in this case will result in unnecessary delay of the critical tasks of, among other things, marshalling assets and conducting a forensic analysis to identify additional assets. A new receiver would also have a learning curve, and he or she (plus

4

their legal team) would have to expend additional hours becoming familiar with the Accanito entities, their operations, and the underlying facts concerning the flow of investor funds and trading.  As such, it is in the best interest of defrauded investors if the Court appoint Ms. Damian as Receiver.

Therefore, the Commission recommends Ms. Damian, who has the capability, the experience necessary to carry out the tasks of the Receiver, and has indicated a willingness to serve as Receiver over Defendants Accanito 1, Accanito 2, Accanito 3, and Accanito 4, Surge, Accanito Holdings and Relief Defendant Surge Capital.

## <u>MEMORANDUM OF LAW</u>

A receivership is an equitable remedy that federal courts routinely enlist to effectuate the remedial purposes of the securities laws.  *See, e.g., SEC v. Whittemore,* 659 F.3d 1, 9 (D.C. Cir. 2011) (internal citations omitted) ("district court has broad equitable power to fashion appropriate remedies for federal securities law violations"); *SEC v. Byers*, 609 F.3d 87, 92 (2d Cir. 2010) ("There is no question that district courts may appoint receivers as part of their broad power to remedy violations of federal securities laws."); *SEC v. First Financial Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981) ("the appointment of a receiver is a well-established equitable remedy available to the SEC in its civil enforcement proceedings"); Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77(v)(a); and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.  Appointing a receiver is particularly appropriate in cases where a defendant, through its management, has defrauded members of the investing public.  *First Financial,* 645 F.2d at 438. In such cases, without the appointment of a receiver to maintain the status quo, the investor assets will be subject to diversion and waste to the detriment of those who were induced to invest in the scheme.  *Id.*; *see also SEC v. R.J. Allen & Associates, Inc.*, 386 F. Supp. 866, 878 (S.D. Fla. 1974). A receiver is appropriate to protect the public interest when it is obvious that those in control of an

entity who have inflicted serious detriment in the past must be ousted.  *SEC v. Bowler*, 427 F.2d 190, 198 (4th Cir. 1970).

As detailed in the Commission's Complaint, from at least June 2019 through September 2022, the Corporate Defendants and their managing member, Brent Seaman, raised at least $35 million from approximately 60 investors.  In marketing materials and in meetings with investors, Seaman represented to investors that the Accanito LLCs would invest in start-up technology and software companies, and trade currencies and commodities. However, there is no evidence that Seaman ever invested in technology companies or traded commodities.  Furthermore, Seaman's claim of "proven success" in these areas is contradicted by the substantial losses he suffered while trading currencies. Seaman also made the following additional material misrepresentations and omissions in marketing materials and in conversations with investors: (i) that the annual returns promised investors were "guaranteed"; (ii) that Accanito "ensures a return of 18% (annually) for our investors"; (iii) that Seaman's currency and commodity trading was safe; and (iv) failing to disclose two personal bankruptcies, one as late as 2014, while touting his extensive experience in all aspects of business.

Contrary to those representations, Brent Seaman and the Corporate Defendants misappropriated millions in investor funds, including for Seaman's personal use and to make Ponzi-like distributions to certain investors and to make payments to the Relief Defendants.  The Corporate Defendants stopped making distributions to investors in December 2022, after the Monitor was appointed.  At this juncture, the Corporate Defendants and Surge Capital need a federal Court-appointed Receiver to act in their best interests and to maximize value for defrauded investors.

## **CONCLUSION**

For the foregoing reasons, the Commission requests that the Court grant its request for the appointment of Melanie Damian, as Receiver of Defendants Accanito 1, Accanito 2, Accanito 3, and Accanito 4, Surge, Accanito Holdings and Relief Defendant Surge Capital, and enter the accompanying Order Appointing Receiver. The Corporate Defendants' also agree to the appointment of a Receiver over them and Surge Capital does not oppose such relief.

July 27, 2023                                   Respectfully submitted,

*s/Alise Johnson*
Alise Johnson
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (786) 626-7399
Email: johnsonali@sec.gov

Attorney for Plaintiff
**SECURITIES AND EXCHANGE
COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4146