**CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT BY AND BETWEEN
MELANIE E. DAMIAN, AS RECEIVER OF THE ACCANITO RECEIVERSHIP
DEFENDANTS, AND STARABILITY FOUNDATION, INC.**

THIS CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT (the "Agreement") is made and entered into by and between **Melanie E. Damian**, as Receiver (the "Receiver") for Accanito Capital Group, LLC, Accanito Holdings, LLC, Accanito Equity, LLC, Accanito Equity II, LLC Accanito Equity III, LLC, Accanito Equity IV, LLC, Surge LLC, and Relief Defendant, Surge Capital Ventures, LLC (collectively, the "Receivership Defendants"), and **STARability Foundation, Inc.** ("Settling Party") (the Receiver and Settling Party are each a "Party" and are collectively the "Parties").

## I.   RECITALS

A.      WHEREAS, on June 27, 2023, the United States Securities & Exchange Commission ("SEC") filed a Complaint in an action brought against the Receivership Defendants in the United States District Court for the Southern District of Florida (the "Receivership Court") styled *United States Securities Exchange Commission v. Brent Seaman, et al.*, Case No. 23-22791-CV-WILLIAMS (the "SEC Action").

B.      WHEREAS, on June 27, 2023, the SEC filed its Unopposed Motion for Asset Freeze [ECF No. 4] and Agreed Motion and Memorandum of Law for Appointment of Receiver [ECF No. 5]. The Court granted both Motions on October 27, 2023. *See* ECF No. 17 and 18, respectively. In the October 27, 2023 Order (the "Appointment Order"), the Receiver was appointed over the Receivership Defendants and charged with carrying out the mandates of that Order. *See* ECF No. 18. The Court authorized the Receiver to "bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging her duties as Receiver". Such actions include, without limitation, actions under the Florida Uniform Fraudulent Transfer Act to recover transfers that the Receivership Defendants had made without receipt of reasonably equivalent value, while the Receivership Defendants were operating a Ponzi scheme and engaging in unlawful and fraudulent offerings in violation of the anti-fraud and registration provisions of federal securities laws.

C.      WHEREAS, as part of the SEC Action, the SEC and its forensic accountants reviewed and analyzed the financial records of the Receivership Defendants, including their accounting records and various account statements, cancelled checks, deposit slips, and wire transfer confirmations from financial institutions and those records reveal that Settling Party received a total sum of $65,628.12 from the Receivership Defendants (collectively, the "Transfers").

D.      WHEREAS, pursuant to the Appointment Order, the Receiver sent a letter to Settling Party asserting claims for fraudulent transfer and unjust enrichment against Settling Party and seeking to recover the Transfers Settling Party had received, for the benefit of the investors the Receivership Defendants had defrauded.

SETTLEMENT AND RELEASE AGREEMENT
Page 2 of 6

E.     WHEREAS, the Receiver and her legal counsel and Settling Party negotiated in good faith a resolution of the Receiver's claims and any and all other disputes by and between the Parties, including, but not limited to, any disputes associated with the Transfers, which resolution provides for a payment by Settling Party and other terms and conditions, as more fully set forth below.

F.     WHEREAS, the Receiver does not claim any wrongdoing by Settling Party, and Settling Party denies any claim of wrongdoing.

**NOW THEREFORE**, in consideration of the mutual promises, exchanges and forbearances set forth below, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## II.     GENERAL PROVISIONS

A.     **Recitals**: The Parties acknowledge and agree that the Recitals set forth hereinabove are integral terms, are true, accurate and correct and are hereby incorporated into this Agreement and are not mere surplusage.

B.     **Settlement Amount and Payment Deadline**:  Settling Party will pay to the Receiver Forty Five Thousand Dollars and Zero Cents (USD) ($45,000.00) (the "Settlement Amount"), by wire transfer to the Receiver's fiduciary account for the Receivership Estate using the wire instructions that the Receiver's counsel has provided to the Settling Party's counsel. The Settlement Amount will be paid as follows: (i) Twenty Five Thousand Dollars and Zero Cents (USD) ($25,000.00) will be paid within thirty (30) days after the date this Agreement is fully executed by the Parties; and (ii) Twenty Thousand Dollars and Zero Cents (USD) ($20,000.00) will be paid within sixty (60) days after the date this Agreement is fully executed by the Parties.

C.     **Failure to Timely Pay Settlement Amount**:  Settling Party agrees that if it fails to pay the Settlement Amount as set forth in Section II.B. above, then after providing ten (10) days' written notice to the Settling Party to cure such failure, the Receiver shall be entitled to the immediate entry in the United States District Court for the Southern District of Florida of a consent judgment in the amount of the Settlement Amount less any amounts paid by Settling Party to the Receiver through the date of entry of the consent judgment. Settling Party (i) agrees that service of process for such action for breach of this Agreement may be effected on Settling Party by sending the complaint and summons to the email address of Settling Party used for email communications between the Receiver's counsel and Settling Party, (ii) shall waive all defenses and affirmative defenses to, and the right to a jury trial on, the Receiver's claim for breach of this Agreement, and (iii) shall agree to the expedited entry of the consent judgment. The Receiver may seek entry of the consent judgment by filing a Verified Agreed Motion for Entry of Consent Judgment, with email notice to Settling Party.

D.     **Conditions for Release & Release**: In consideration of Settling Party entering into this agreement, the Receiver, on her behalf and on behalf of the Receivership Estate, the Receivership Entity, and the Receivership Defendants, as well as their heirs, successors, assignees, attorneys, agents and all other persons who are now or may hereafter become entitled

to assert claims derived from or on behalf of the Receiver, Receivership Estate, Receivership Entity, and the Receivership Defendants (the "Receiver's Releasors"), shall and hereby do release and forever discharge Settling Party and its respective parents, subsidiaries, affiliates, related and/or sister corporations, and each of its respective officers, directors, board members, employees, partners, shareholders, insurers, liability insurance carriers, third party claims administrators, attorneys, agents, successors, assigns, vendors, suppliers, dealers and representatives (collectively, "the Settling Party Releasees") from any and all claims, manner of claims, liabilities, demands, obligations, actions, causes of action, injuries, complaints, levies, fines, charges, interest, suits, debts, indebtedness, duties, obligations, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever and of any kind, based on any legal, statutory or equitable theory, right of action or otherwise (whether arising under federal, state or local law or regulation, statute, or common law and whether by any federal, state or local taxing or regulatory authority or agency), foreseen or unforeseen, known or unknown, matured or unmatured, liquidated or unliquidated, absolute or contingent, accrued or not accrued, actual or potential, which the Receiver, on behalf of the Receivership Estate, the Receivership Entity, and/or the Receivership Defendants, and the Receiver's Releasors, now has or which may hereafter accrue or otherwise be acquired against Settling Party Releasees, regardless of whether any other information obtained by the Receiver or the Receiver's Releasors after the date of this Agreement substantiates any additional claims or causes of action the Receiver or the Receiver's Releasors could have brought against Settling Party related to any dealings between Settling Party and the Receivership Entity and/or any of the Receivership Defendants. ***This release does not include, and specifically excludes***, any claims the Receiver has or may have against Settling Party for, or any rights of the Receiver based on, Settling Party's breach of this Agreement for failure to pay the Settlement Amount required in Section II.B. above, or the right to seek entry of the consent judgment upon such failure granted in Section II.C. above, which claims and rights are **not** released, waived or discharged. Receiver also retains all rights to any proceedings supplementary to enforce such judgment including without limitation by seeking to garnish, levy, or execute on any property of which Settling Party has a title and/or beneficial interest, and by asserting claims to recover assets of Settling Party transferred in contravention of applicable law following the Approval. For avoidance of doubt, and notwithstanding any reading of this Agreement to the contrary, these releases do not release claims the Receiver, the Receivership Estate, the Receivership Entity, the Receivership Defendants, or the Receiver's Releasors have against or in connection with any other individuals and/or Defendants, including their insurers or reinsurers, which are not the Settling Party or the Settling Party Releasees.

In consideration of Receiver's release and discharge of any and all claims against Settling Party required herein, Settling Party shall and hereby does release and forever discharge the Receiver from any and all claims, manner of claims, liabilities, demands, obligations, actions, causes of action, injuries, complaints, levies, fines, charges, interest, suits, debts, indebtedness, duties, obligations, rights, damages, punitive damages, attorneys' fees, costs, expenses and compensation of any nature whatsoever and of any kind, based on any legal, statutory or equitable theory, right of action or otherwise (whether arising under federal, state or local law or regulation, statute, or common law and whether by any federal, state or local taxing or regulatory authority or agency), foreseen or unforeseen, known or unknown, matured or unmatured, liquidated or unliquidated, absolute or contingent, accrued or not accrued, actual or potential, which Settling

SETTLEMENT AND RELEASE AGREEMENT
Page 4 of 6

Party now has or which may hereafter accrue or otherwise be acquired against the Receiver, the Receivership Estate, the Receiver's Releasors, and/or any of the Receivership Defendants, regardless of whether any other information obtained by Settling Party after the date of this Agreement substantiates any additional claims or causes of action Settling Party could have brought against the Receiver related to any dealings between Settling Party and the Receivership Entity, the Receivership Estate, the Receiver's Releasors, and/or any of the Receivership Defendants.

E. **No Admission of Liability:** Nothing herein shall be construed as an admission of liability by Settling Party, any such liability being expressly disputed and denied, and shall never be construed as an admission(s) by Settling Party.

## III. WARRANTY OF CAPACITY TO EXECUTE AGREEMENT

The Parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations or causes of action referred to in this Agreement; that the Receiver has the sole and exclusive right to receive sums specified in it; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

## IV. ENTIRE AGREEMENT AND SUCCESSORS-IN-INTEREST

The Parties agree that this Agreement contains the entire agreement between the Receiver and Settling Party with regard to the matters set forth in it and shall be binding upon and inure to the benefit of their respective successors and assigns. There are no other understandings or agreements, verbal or otherwise, in relation thereto between the Parties, except as herein expressly set forth. There have been no representations not set forth herein that the Parties have relied upon when entering into this Agreement. Should any provision of this Agreement require interpretation or construction, the Parties agree that all Parties have participated in the drafting of this document and no presumption regarding construing the document against one Party shall apply.

## V. PARTIES' OPPORTUNITY TO BE REPRESENTED BY COUNSEL

The Parties acknowledge that each has had the opportunity to consult with the attorney of their choice. Furthermore, each Party to this Agreement represents and warrants that they are entering into this Agreement of their own free will, without having been subjected to any form of duress or coercion of any kind.

## VI. EXECUTION

This Agreement may be executed in counterparts, and such execution shall be valid and binding on the Parties. A digital and/or facsimile copy of a Party's signature on page 6 of this Agreement shall be deemed an original and may be used to establish that Party's execution of the Agreement.

SETTLEMENT AND RELEASE AGREEMENT
Page 5 of 6

## VII.    LIMITED CONFIDENTIALITY

Except for disclosing the name of the Settling Party and the general terms of this Agreement, including the Settlement Amount, in a motion to approve this Agreement, the Receiver and her attorneys (including their law firms, partners and employees) acknowledge and agree that they shall not disclose this Agreement, its terms, including the Settlement Amount, or the negotiations leading to it, to anyone other than its employees with a legitimate business need to know, auditors, accountants or attorneys, the investors in the SEC Action, or the Receivership Court, unless: (a) required by law or regulation; and (b) compelled to do so by a valid and enforceable subpoena or order of a court of competent jurisdiction, and only after providing the Settling Party at least five business (5) days advance written notice before such disclosure is made. If disclosure is required by court order, the disclosing party is obligated to request that such disclosure be as limited as possible, and that any documents reflecting this Agreement or its terms be submitted to the Court for *in camera* review.

As a consequence of the foregoing confidentiality provision, the attorneys for the Receiver and their respective law firms hereby specifically agree that no information concerning this Agreement, including this settlement and the Settlement Amount, shall be advertised, discussed, marketed, promoted or disclosed in any firm newsletter, client newsletter, marketing document, public relations document, or any other form of advertising and marketing that is done, either in broadcast, written or any other form.

The Receiver acknowledges and agrees that the covenants and conditions of this paragraph are a material part of this Agreement and any breach thereof on the part of the Receiver or her counsel shall give rise to a right of action by the Settling Party for rescission of this Agreement, damages and/or injunctive relief.

For avoidance of doubt, notwithstanding any language in this Limited Confidentiality section of this Agreement, the Receiver is permitted to disclose the name of the Settling Party and the general terms of this Agreement, including the Settlement Amount, in a motion to approve this Agreement to be filed in the SEC Action before the Receivership Court, and is permitted to submit a fully-executed copy of this Agreement to the Receivership Court for *in camera* review if requested.

## VIII. SEVERABILITY

In the event any provision of this Agreement is found to be invalid by any court of law, the remaining provisions of the Agreement shall remain valid and binding on the Parties.

## IX.    JURISDICTION AND VENUE FOR LITIGATION OF DISPUTES

In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, the Parties consent, understand, and agree that the United States District Court for the Southern District of Florida, shall have exclusive jurisdiction, and be the exclusive venue,

SETTLEMENT AND RELEASE AGREEMENT
Page 6 of 6

to resolve any such dispute and to award to the prevailing Party attorneys' fees and costs incurred in connection with the enforcement of this Agreement and in any proceedings supplementary necessary for execution of the judgment entered pursuant to Section II.C. above.

## X.   CONSTRUCTION BY STATE LAW

This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida to the extent state law is applicable, without giving effect to principles of conflicts of law.

AGREED TO BY:

STARABILITY FOUNDATION, INC.

By: _____
     Jeffrey Maconaghy, Board Chair

Date: _____ 7/17/24

MELANIE E. DAMIAN, AS RECEIVER FOR ACCANITO RECEIVERSHIP DEFENDANTS

By: _____

Date: _____ 7.23.2024

24250382v1