UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-22791-WILLIAMS-REID

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

BRENT SEAMAN,
ACCANITO EQUITY, LLC,
ACCANITO EQUITY II, LLC,
ACCANITO EQUITY III, LLC,
ACCANITO EQUITY IV, LLC,
ACCANITO CAPITAL GROUP, LLC,
SURGE, LLC,
ACCANITO HOLDINGS, LLC,

    Defendants and,

JANA SEAMAN,
VALO HOLDINGS GROUP, LLC,
SURGE CAPITAL VENTURES, LLC,

    Relief Defendants.
_____/

## ORDER ON SURGETRADER LLC'S OBJECTIONS TO AMENDED SUBPOENA REQUEST 13

**THIS CAUSE** came before the Court for a discovery hearing on April 24, 2025, to resolve disputes related to certain document requests in a subpoena issued in June 2024 ("Subpoena") by Melanie E. Damian, as the Court-appointed Receiver (the "Receiver') in the above-captioned S.E.C. action, to non-party SurgeTrader,

LLC ("SurgeTrader") [ECF No. 105]. The Court, finding that good cause exists to grant the Receiver's requested relief, hereby **ORDERED** as follows:

(1) By Wednesday, April 30, 2025, SurgeTrader shall, produce to the Receiver's counsel a hard drive containing all communications identified in the hit report generated based on searches of SurgeTrader's database of communications using the search terms provided by the Receiver, pursuant to Request No. 13 of the Subpoena ("Subpoena Request No. 13").

(2) By Wednesday April 30, 2025, SurgeTrader shall also provide to the Receiver's counsel a list identifying all of SurgeTrader's attorneys' email addresses.

(3) Upon receiving from SurgeTrader the hard drive containing the results of the searches referenced in Paragraph 1 above and the list of SurgeTrader's attorneys' email addresses, Receiver's counsel shall cause the communications on the hard drive to be uploaded by a professional e-discovery vendor onto a secure e-discovery platform, such as Lexbe or a similar platform. The e-discovery vendor shall then identify and extract from the dataset all communications to or from any of the attorney email addresses identified pursuant to Paragraph 2 above, unless such communications include (as the sender or recipient, including as "cc" or "bcc") a person or entity who is not an officer of SurgeTrader in which case the communication is not privileged. Any potentially-privileged communications identified through this filtering process shall be withheld from review by the

Receiver and immediately submitted to counsel for SurgeTrader. Immediately after the potentially privileged communications are removed from the dataset, the Receiver and her counsel may begin reviewing the remaining communications in the dataset. Counsel for SurgeTrader shall also be immediately granted access to the remaining communications. In the event the Receiver or her counsel identify within the remaining dataset a communication that is potentially privileged (*i.e.*, one between only a SurgeTrader attorney and one or more of its officers), such communication will be removed from that dataset and added to the potentially privileged dataset.

(4) If SurgeTrader wishes to assert the attorney-client privilege as to any communication extracted from the dataset that the Receiver is permitted to review (pursuant to Paragraph 3 above), SurgeTrader must produce to the Receiver a privilege log of the communications for which such a privilege is being claimed. The Receiver shall retain the right to challenge any privilege claim by SurgeTrader. If SurgeTrader contends that production of a privilege log for the communications extracted pursuant to Paragraph 3 would be unduly burdensome or result in significant costs, or if the parties cannot agree to an alternative procedure for identifying the communications for which the attorney-client privilege is claimed or resolving any privilege disputes, the parties may seek further relief from the Court.

**SIGNED** this 28th day of April, 2025.

                                                                    LISETTE M. REID
                                            UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge Kathleen M. Williams;**
        **All Counsel of Record;**
        **Jana Seaman (by email)**

4