## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:23-cv-22791-CV-WILLIAMS

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) |
| **Plaintiff/Garnishor,** | ) ) |
| **vs.** | ) ) |
| **Brent Seaman, et al.,** | ) ) |
| **Defendant,** | ) ) |
| **and** | ) ) |
| **CENTENNIAL BANK, and its successors or assigns,** | ) ) ) |
| **Garnishee.** | ) ) |

## APPLICATION FOR POST-JUDGMENT WRIT OF GARNISHMENT

The Judgment Creditor, the Securities and Exchange Commission ("Commission"), makes this application pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3205, and Rule 69(a) of the Rules of Civil Procedure and hereby requests the issuance of continuing writs of garnishment directed to: CENTENNIAL BANK.

Based on information and belief, the SEC believes that the Garnishee has possession, custody or control of property in which Defendant Brent A. Seaman,

Application for Writ of Garnishment                                    Page 1

has a substantial non-exempt interest.

In support of its application, the SEC would show the Court as follows:

1. The Judgment ordered Brent Seaman, to pay $3,617,241.00 in disgorgement and prejudgment interest, and ordered a civil penalty of $1,000,000 ("Judgment").

2. The defendant has failed to satisfy both the disgorgement and the civil penalty in this case, thus the Commission seeks a writ under Rule 69(a) of the Federal Rules of Civil Procedure and the Florida Civil Procedure 77.10 to enforce the satisfaction of the judgment.

3. The Commission seeks two writs because disgorgement judgments and penalty judgments are enforced differently. The disgorgement portion of the Judgment is enforced through state law practice under Rule 69(a) of the Federal Rules of Civil Procedure. A civil money penalty is a "debt" within the definition of the Federal Debt Collection Procedure Act ("FDCPA") 28 U.S.C. §3001 *et seq*. The FDCPA provides the exclusive civil procedure for the collection of a debt owing to the United States or its agencies such as the Commission. Accordingly, the Commission seeks a writ of execution pursuant to Rule 69 to enforce the disgorgement portion of the judgment, and a writ of garnishment pursuant to 28 U.S.C. § 3205 to enforce the penalty portion of the judgment.

4. Defendant Brent A. Seaman, currently resides in Naples, Florida.[1]

5. Defendant's SSN:                xxx-xx-3740

6. Disgorgement Judgment

| | |
|---|---|
| Disgorgement (and prejudgment interest) | $3,617,241.00 |
| Payments: | $0 |
| Amount of Post-Judgment Interest on Disgorgement accrued as of 6/03/2025: | $72,671.85 (per diem of $420.19) |
| Total Amount Still Owing On Disgorgement as of 6/03/2025: | $3,689,912.85 |

---

1 Brent A. Seaman's, social security number and full mailing address are being withheld from this filing for privacy reasons. However, the SEC will provide the social security number and address to the Garnishee.

7. Civil Penalty Judgment

| | |
|---|---|
| Civil penalty | $1,000,000.00 |
| Payments: | $0 |
| Amount of Post-Judgment Interest on Civil Penalty accrued as of 6/03/2025 | $20,090.41 |

Total Amount Still Owing
On Civil Penalty as of 6/03/2025
$1,020,090.41

More than 30 days prior to this Application, the SEC made demand on Defendant for the total amount still owing.   Despite this demand, Defendant has not paid the amount still owing.

Dated:   June 3, 2025.

By:   s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange
Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:   (202) 551-4347
Facsimile:   (703) 813-9366