UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-22791-KMW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

BRENT SEAMAN, *et al.*,

    Defendants.
_____/

**DEFENDANT BRENT SEAMAN'S RESPONSE TO RECEIVER'S
MOTION FOR LEAVE TO COMMENCE ANCILLARY ACTION**

    Defendant, Brent Seaman ("Seaman"), through undersigned counsel, files this Response to the Receiver's Motion for Leave to Commence Ancillary Action (the "Motion for Leave"), [DE 123], in accordance with this Court's October 3, 2025, order, [DE 124], and states as follows:

**BACKGROUND**

    1.    On July 27, 2023, the Securities and Exchange Commission ("SEC") commenced an enforcement action against Seaman and the other Defendants.

    2.    On October 27, 2023, this Court issued an Order Appointing Receiver ("Receivership Order"), in which the Court appointed Melanie E. Damian, Esq., as Receiver of Accanito Equity, LLC, Accanito Equity II, LLC, Accanito Equity III, LLC, Accanito Equity IV, LLC, Accanito Capital Group, LLC, Surge LLC, Accanito Holdings, LLC, and Surge Capital Ventures, LLC (collectively, the "Receivership Entities"). [DE 18]. The Receivership Order provides that, "[s]ubject to her obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after

1

obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate." *Id.* at 14.

3. On January 9, 2024, this Court entered Final Judgment as to Seaman. [DE 49]. The Final Judgment permanently enjoined Seaman from violating certain sections of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"). In the Final Judgment, the Court stated that, upon the SEC's motion, it shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty.

4. On December 13, 2024, this Court entered an Amended Final Judgment as to Seaman. [DE 95]. The Amended Final Judgment provided that Seaman was liable for $4,617,241, consisting of disgorgement of net profits gained as a result of the conduct alleged in the SEC's Complaint, prejudgment interest, and a civil penalty under the Securities Act and Exchange Act.

5. On September 30, 2025, the Receiver filed the Motion for Leave, proposing to bring an ancillary against the members of Surge Trader LLC ("Surge Trader") and its individual owners to address alleged misconduct related to the Receivership Entities' corporate holdings. [DE 123].

6. Specifically, the Receiver alleges that (1) "at least $3.3 million in investor funds were used for the benefit of Surge Trader and its members" and (2) "[i]n return for that significant investment, Receivership Entity Accanito Capital Group received a disproportionately small share of the ownership interest in Surge Trader, and the Receivership Entities were never repaid the investor funds that provided the start-up capital for Surge Trader." The Receiver alleges that these "disproportionate capital contributions taken from the Receivership Entities are a breach of Surge Trader's Operating Agreement" and breached "Surge Trader's managers' and/or members' fiduciary duties and duties of good faith and fair dealing owed to Accanito Capital Group." *Id.* at 3. The Receiver did not identify who specifically may be named as defendants in any potential

lawsuit or the specific allegations that would be contained against which defendants in such action. Mr. Seaman's wife was one of the managers/members of Surge Trader.

7.      In filing the Motion for Leave, the Receiver's counsel referenced that counsel conferred with counsel for Seaman and indicated that Seaman opposed the motion.

8.      On October 3, 2025, this Court ordered Seaman to file a response to the Receiver's Motion for Leave outlining the basis for Seaman's opposition. [DE 124].

## **DISCUSSION**

9.      As noted above, this Court has already entered an Amended Final Judgment with respect to Seaman. Therefore, Seaman respectfully submits that, following the entry of the Amended Final Judgment, his involvement in this proceeding is no longer required for purposes of this Court's resolution of the Motion for Leave.

10.     Additionally, under the Receivership Order, the Receiver is not required to seek Seaman's leave, position, or approval to commence an ancillary action against the members of Surge Trader and their individual owners, especially where, as here, he is not privy to any of the details of the proposed action.

11.     Counsel for Seaman respectfully submits that it appears, based on the representation as to his position in the Receiver's Motion for Leave, that there was a miscommunication between counsel for the Receiver and undersigned as to Mr. Seaman's position. To clarify his position on the Receiver's Motion for Leave, he takes no position on the Motion for Leave, nor is he aware of any authority that would require his position as a prerequisite for this Court to grant or deny the motion.

|  |  |
|---|---|
| Dated: October 10, 2025 | Respectfully submitted,<br><br>*/s/ Daniel S. Newman*<br>Daniel S. Newman, Esq.<br>Florida Bar No. 0962767<br>dan.newman@nelsonmullins.com<br>NELSON MULLINS RILEY &<br>SCARBOROUGH LLP<br>2 Biscayne Blvd., 21st Floor<br>Miami, Florida 33131<br>Telephone: 305.373.9400<br>Facsimile: 305.373.9443 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via electronic transmission using the Court's CM/ECF system, this 10th day of October 2025, on all counsel of record or parties who have appeared in the above styled action.

*/s/ Daniel S. Newman*
Daniel S. Newman, Esq.