IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:23-cv-22791-CV-WILLIAMS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff/Garnishor, | ) ) ) |
| vs. | ) ) ) |
| Brent Seaman, et al., | ) ) ) |
| Defendant, | ) ) ) |
| and | ) ) ) |
| CENTENNIAL BANK, and its successors or assigns, | ) ) ) ) |
| Garnishee. | ) ) |

## POST-JUDGMENT CONTINUING WRIT OF GARNISHMENT
## PURSUANT TO RULE 69

TO: CENTENNIAL BANK

REQUESTED BY: United States Securities and Exchange Commission
Michael J. Roessner
Assistant Chief Litigation Counsel
100 F Street, NE, MS-5631
Washington, DC 20549-0022

ISSUED PURSUANT TO: Rule 69

The Court having reviewed the Plaintiff's Application for Post-Judgment Writ of Garnishment, hereby issues this Post-Judgment Writ of Garnishment.

The United States Securities and Exchange Commission ("SEC") has information indicating that Garnishee may have possession, custody or control of property in which Defendant has a substantial nonexempt interest.  This property may include Defendant's

nonexempt disposable earnings (i.e., wages).

Pending further order of this Court, Garnishee is hereby directed to withhold and retain any property in its possession, custody or control in which Defendant has an interest at the time this Writ is served or in which the Defendant may obtain an interest in the future, including Defendant's nonexempt disposable earnings.   If Garnishee fails to withhold property in accordance with this Writ, Garnishee may be held in contempt by the Court or the Court may enter judgment against the Garnishee for the value of Defendant's nonexempt interest in such property, plus a reasonable attorney's fee to the SEC.

This Writ of Garnishment is a continuing writ and it will terminate only by:

(A)   a court order quashing this Writ of Garnishment;

(B)   exhaustion of property in the possession, custody, or control of the Garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the garnishee reinstates or re-employs the judgment debtor within 90 days after the judgment debtor's dismissal or resignation;   or

(C)   satisfaction of the debt with respect to which this Writ is issued.

To assist the Garnishee with its obligations under this Writ, the following information is provided:

| | |
|---|---|
| Defendant's Name: | Brent A. Seaman |
| Defendant's TIN: | XXX-XX-3740 |
| Defendant's Last Known Address: | 1680 Oakes Blvd.<br>Naples, FL 34119 |
| Date of Judgment: | December 13, 2024 |
| Nature of Judgment: | Final Judgment |
| | Disgorgement (and prejudgment interest) $3,617,241.00 (not including post-judgment interest |

          or any payments)

| | |
|---|---|
| Amount of Post-Judgment Interest on Disgorgement accrued as of 6/03/2025: | $72,671.85 (per diem of $420.19) |
| Total Amount Still Owing On Disgorgement as of 6/03/2025: | $3,689,912.85 |

IT IS SO ORDERED.

Dated this __20th__ day of _____November_____, 2025.

               Angela E. Noble
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA

               By: /s/ Nadhege Augustin